FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAY 0 2 2011

GREGORY C. LANGHAM
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02781-BNB

MICHAEL WAYNE FLEMING,

        Applicant,

v.

STEVE HARTLEY, Warden, Colorado Division of Adult Parole, et al., and
JOHN SUTHERS, The Attorney General of the State of Colorado,

        Respondents.

_____

ORDER OF DISMISSAL
_____

        Applicant, Michael Wayne Fleming, initiated this action by filing a *pro se*

Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254.  At the time he

filed the Application, Mr. Fleming was detained at the Scotts Bluff County Detention

Facility in Gering, Nebraska.  Magistrate Judge Boyd N. Boland entered an order on

November 18, 2010, in which he determined that Mr. Fleming's claims were more

properly raised in a 28 U.S.C. § 2241 action and instructed Mr. Fleming to amend the

Application by submitting his claims on a Court-approved form used in filing § 2241

actions.  On January 28, 2011, Mr. Fleming filed both a § 2241 and a § 2254 Court-

approved form.  Upon review of the claims asserted in both forms, the Court directed all

named Respondents to file a Response, which they did on February 18, 2011.  Mr.

Fleming also was instructed to reply to the Response if he so desired.

        On March 3, 2011, Mr. Fleming filed a Notice of Change of Address.  Not

knowing if Mr. Fleming received a copy of the Response filed by Respondents, the

Court ordered the Clerk of the Court to send a copy of the Response to Mr. Fleming at

the new address. The envelope in which the copy was mailed to Mr. Fleming was returned to the Court marked "Return to Sender No Longer At This Facility." Mr. Fleming now has failed to communicate with the Court. Pursuant to Rule 10.1M. of the Local Rules of Practice of the United States District Court for the District of Colorado-Civil, a party must file a notice of a new address within five days of any change of address. The Court, therefore, will proceed to review the merits of the Application without a reply from Mr. Fleming.

The Court must construe Mr. Fleming's filings liberally because he is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will deny the Application and dismiss the action.

Mr. Fleming asserts that he pled guilty to two counts of theft in November 1998 in Denver District Court Case No. 98CR2368 and was sentenced to six years of incarceration at the Colorado Department of Corrections. He also contends that he was credited with time served in the county jail, but the time computation was incorrect. Mr. Fleming further contends that as a result of the incorrect computation he received an attempted escape conviction.

Mr. Fleming asserts, and Respondents concur, that Mr. Fleming filed a habeas action in Lincoln County District Court in 2008 asserting the same claims he raises in this action. The state district court denied the habeas action, and the Colorado Supreme Court affirmed the district court's denial on September 4, 2009. Mr. Fleming then filed an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 in

this Court on November 15, 2010.  Respondents argue that the Application is time-

barred pursuant to 28 U.S.C. § 2244(d)(1).

Under 28 U.S.C. § 2244(d), the statute provides as follows:

(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of–

> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

It is not clear whether Mr. Fleming is attacking the execution of his sentence by

the Colorado Department of Corrections or the validity of the sentence that was

imposed by the Denver City and County District Court in Case No. 98CR2368.  Whether

the Court construes Mr. Fleming's claims as filed pursuant to § 2254 or § 2241 the

claims are subject to the time limitations under § 2244(d). *See Dulworth v. Evans*, 442 F.3d 1265, 1268 (10th Cir. 2006). To the extent that Mr. Fleming's habeas corpus petition was a properly filed postconviction or collateral motion in state court, and giving Mr. Fleming the benefit of only considering the time after the Colorado Supreme Court denied his habeas petition for purposes of § 2244(d), the time still was not tolled from September 5, 2009, the day after the Colorado Supreme Court affirmed the state district court's decision denying Mr. Fleming's petition, until November 14, 2010, the day prior to when he filed this action. Therefore, the action is time-barred under § 2244(d).

The one-year limitation period in § 2244(d) is not jurisdictional and may be tolled for equitable reasons in appropriate extraordinary situations when circumstances beyond a prisoner's control make it impossible to file the habeas corpus application on time. *See Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998). In addition, equitable tolling may be appropriate if the inmate is actually innocent or if the inmate actively pursues judicial remedies but files a defective pleading within the statutory period. *See Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000). However, simple excusable neglect is not sufficient to support equitable tolling. *See id.* Furthermore, equitable tolling is appropriate only if the inmate pursues his claims diligently. *See Miller*, 141 F.3d at 978. The inmate must allege with specificity the steps he took to diligently pursue his federal claims. *Yang v. Archuleta*, 525 F.3d 925, 930 (10th Cir. 2008). Finally, Mr. Fleming bears the burden of demonstrating that equitable tolling is appropriate in this action. *See Miller*, 141 F.3d at 978.

Mr. Fleming does not explain in any of his filings why the Application should not be barred by the one-year limitation. The Court, however, notes that Mr. Fleming filed a previous 28 U.S.C. § 2254 action on March 16, 2010, raising the same time

4

computation claim that he raises in this action. *See Fleming v. State of Colo, et al.*, No. 10-cv-00597-BNB (D. Colo. June 30, 2010). Case No. 10-cv-00597-ZLW was dismissed on June 30, 2010, for failure to submit a properly notarized Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915. Mr. Fleming filed a motion to reconsider the dismissal. The motion was denied on August 3, 2010. Mr. Fleming was instructed in Case No. 10-cv-00597-ZLW, in both the Order of Dismissal and the Order Denying Motion to Reconsider, that he was able to file a new civil action. Nonetheless, he waited more than three months, until November 15, 2010, to submit a new action. Mr Fleming does not explain why he waited three months to pursue his time computation claim. Mr. Fleming, therefore, has failed to demonstrate that extraordinary situations beyond his control made it impossible to file a timely habeas corpus application.

Mr. Fleming's Application, however, suffers from other deficiencies. It appears that Mr. Fleming failed to exhaust his state court remedies regarding his time computation claim. His state habeas corpus petition challenging the time computation was dismissed by the Lincoln County District Court as improperly filed in that court. Application (Doc. No. 1) at 52. Mr. Fleming used a habeas corpus action to challenge his conviction or sentence, which is not allowed in Colorado state court. *See Mulkey v. Sullivan*, 753 P.2d 1226, 1232 (Colo. 1988); *Ryan v. Cronin*, 553 P.2d 754 (Colo. 1976) (habeas corpus cannot substitute for direct appeal); *Jones v. Zavaras*, 926 Pl2d 579, 581-82 (Colo. 1996) (habeas cannot substitute for a Colo. R. Crim. P. 35 motion). Nonetheless, the Court will deny the Application and dismiss the action as time-barred under § 2244(d). Accordingly, it is

ORDERED that the Application is denied and the action is dismissed because it is barred by the one-year limitation period in 28 U.S.C. § 2244(d).  It is

FURTHER ORDERED that no certificate of appealability shall issue because Mr. Fleming has failed to show that jurists of reason would find it debatable that the district court was correct in its procedural ruling.  *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).

DATED at Denver, Colorado, this  2nd  day of _____May_____, 2011.

BY THE COURT:


___s/Lewis T. Babcock_____
LEWIS T. BABCOCK, Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-02781-BNB

Michael Wayne Fleming
Platte County Detention Center
P.O. Box 1029
Wheatland, WY 82201

I hereby certify that I have mailed a copy of the **ORDER and JUDGMENT** to the above-named individuals on May 2, 2011.


GREGORY C. LANGHAM, CLERK


By:_____
                    Deputy Clerk